UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QASHONTAE HOSOMLA SHORT,

    Plaintiff,

v.

                                      Case No. 2:25-cv-11358
                                      Hon. Brandy R. McMillion
                                      United States District Judge

CONSUMERS ENERGY, *et al.*,

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil case filed by Plaintiff QaShontae Hosomla Short ("Plaintiff") against Defendants Consumers Energy, Chime, Michael Sullivan, and John Doe a/k/a/ "Shawn" (collectively, "Defendants"). *See generally* ECF No. 1. Plaintiff has also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. The Court finds Plaintiff to be indigent and therefore **GRANTS** the request to proceed *in forma pauperis*. However, after reviewing the Complaint, the Court **SUMMARILY DISMISSES** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that Plaintiff has failed to state a claim for which relief can be granted.

1

## I.

As best the Court can discern, Plaintiff is seeking civil redress against Defendants relating to failed financial transactions that led to her power being disconnected and her personal belongings stolen from storage and her apartment. *See* ECF No. 1, PageID.5. The Complaint states:

> I bank with Chime and all my bills have been getting declined and my power and electricity has been turned off after multiple failed attempts of making payments on time with no reason other than FRAUD. I setup automatic payments for my renter's insurance and my payments were ALL declined and my renter's insurance was cancelled and my items in storage were vandalized as
>
> * * *
>
> 1.) I made multiple attempts to make my payments to Consumers Energy via my Chime account and they were ALL declined more than 5 times and my power was turned off. 2.) I setup automatic payments for my AAA renter's insurance to be automatic debited from my account from my Chime account. My payments were all declined for no reason and my storage items were sold vandalized and sold and items were stolen out of my apartment. Chime and Public Storage both corporate offices are based in California. My cousin Shaquandra Jamison is also located in California and is an accountant and appears to May have had an affiliation with my apartment as well as the house in Huntersvill North Carolina where the home was owned by AMH a California based company. 3.) These incidents occurred after an incident that occurred inside my apartment and verbally stated that either Michael or Shawn "female occupants" had broken into my apartment and stolen my denim vest. Both Shawn and Michael bons were placed on the curbside this morning indicating they both were downstairs near the consumers energy meters

> and possibly vandalizing not only the Consumers Energy meters but the water softener as well. 4.) EVERYTIME I verbally state something in MY APARTMENT and someone overhears it something happens. It never fails.

*Id.* at PageID.5. The Claim for Relief further states:

> I am a disabled female who has to constantly defend herself against people who I am not fond of, do not care for and have repeatedly showed that I am not interested in no way shape or form and feel HARRASSED and maliciously attacked and would like to be monetarily compensated IMMEDIATELY. I have lost EVERYTHING since I moved here, job, cell phone, storage items, car vandalism, been to jail for a felony for being locked out of my garage after repeatedly complaining of a problem. I feel these things were planned and staged so that I could be ROBBED with a cover up. On top of heightening my anxiety and depression. $1.1 million is a fair compensation.

*Id.* at PageID.6. Plaintiff brings these claims pursuant to the following:

> 42 USC 12203; 18 USC 1514(A)(B)(D)(i)(ii)(F)(G); 18 USC 47; 18 USC 1341; 18 USC 1344[; ]18 USC 1343[.]

*Id.* at PageID.4.

## II.

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*). ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 2:16-cv-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

4

Even construing the *pro se* complaint liberally, the Court finds that Plaintiff does not have any viable claims against Defendants based on the allegations in the Complaint. The statutes referenced (*see* ECF No. 1, PageID.4) do not confer any claim for relief for the conduct alleged. The Court is not able to conjure up unpleaded facts to create a claim for relief. *See Williams,* 2022 WL 2966395 at *2. Therefore, summary dismissal is appropriate.

## IV.

Accordingly, Plaintiff's Complaint (ECF No. 1) is summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: May 12, 2025                         s/Brandy R. McMillion
   Detroit, Michigan                       HON. BRANDY R. MCMILLION
                                         United States District Judge